IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MERLE CLAY EDAAKIE, JR.,

     Petitioner,

v.                                                                                            No. 2:17-cv-00328 MV-LF

R.C. SMITH, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

MEMORANDUM OPINION AND ORDER

Before the Court is Merle Clay Edaakie's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) ("Petition"). Edaakie asserts he was interrogated without counsel and convicted without sufficient evidence. For the reasons below, the Court will dismiss the Petition for failure to prosecute without reaching the merits of Edaakie's habeas claims.

Edaakie was convicted by a jury of second degree murder and tampering with evidence in New Mexico's Eleventh Judicial District Court, case no. D-1113-CR-2009-00241.[1] The amended judgment on his conviction was entered on May 24, 2012. *See* NCJ: Amended Judgment/Order entered in D-1113-CR-2009-0024. Edaakie filed a direct appeal from the criminal judgment, which was affirmed by the New Mexico Court of Appeals ("NMCA") on April 17, 2014. *See* Doc. 1, p. 3. The New Mexico Supreme Court ("NMSC") denied his petition for writ of certiorari on June 26, 2014. *See* Doc. 1, p. 4; Case no. S-1-SC-34722. Edaakie's conviction and sentence became final in October of 2014, when the "ninety-day time period for filing a certiorari petition

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

with the United States Supreme Court expired." *Harris v. Dinwiddie,* 642 F.3d 902, 906 n. 6 (10th Cir. 2011) (addressing finality in § 2254 cases). About two and a half years later on March 9, 2017, Defendant filed the federal § 2254 petition. *See* Doc. 1.

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

It appears that the one-year limitation period may have expired before Edaakie filed his § 2254 Petition. Edaakie recites he filed a state habeas petition, which may toll the limitations period, but the Court was unable to identify that filing on the state court docket. By a Memorandum Opinion and Order to Show Cause entered October 12, 2017, the Court directed Edaakie to provide more information within thirty days about whether his Petition was timely. Edaakie did not respond. The Court will therefore dismiss this action, without reaching the merits, under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders. *See Olsen v.*

*Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").

IT IS THEREFORE ORDERED that Merle Clay Edaakie's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with the Court's Order.

_____
UNITED STATES DISTRICT JUDGE